CRUNDEN-MARTIN MFG. CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

CONZELMAN-CRUNDEN REALTY CO., PETITIONER, *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9341.   Promulgated March 20, 1928.

*Henry J. Richardson, Esq.*, for the petitioner.
*J. Harry Byrne, Esq.*, for the respondent.

## OPINION.

SIEFKIN: The only question in the case is whether the Crunden-Martin Manufacturing Co., and the Conzelman-Crunden Realty Co., were affiliated during the calendar year 1921.

Section 240 (c) Revenue Act of 1921 provides:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

In this proceeding it is shown that 86.9 per cent of the stock of the Crunden-Martin Manufacturing Co. at the beginning of the calendar year 1921, was owned by Crunden, Martin and Conzelman, their immediate families, and Emilie C. Riley, sister of Mr. Conzelman, and her family, and that at the end of the year the same families held 86.7 per cent of the stock. There was no control whatever over the remaining minority interest by these parties.

Throughout the same period the entire stock of the Conzelman-Crunden Realty Co. was held by Martin, Crunden, Conzelman and Emilie C. Riley and her two daughters as follows:

|  | Shares |
|---|---|
| Frank P. Crunden | 1, 200 |
| Charles L. Martin | 400 |
| Theophilus Conzelman | 1, 200 |
| Emilie C. Riley | 800 |
| Alice C. Riley | 200 |
| Mary G. Riley | 200 |

It is contended that the Manufacturing Company controlled the Realty Company through its principal stockholders, officers, and directors, and furthermore, that the percentages of control through ownership by the three families and the circumstances of the ownership by those not of these families make a complete case of control of substantially all the stock of the two companies by the same interests.

The respondent contends that the various family groups do not constitute the " same interests " within the meaning of the law, and that even if they do the minority stock interest of 13.1 per cent in the Manufacturing Company which had no stock interest in the Realty Company would be sufficient to preclude the allowance of affiliation.

While it was testified that the Realty Company was organized to serve the Manufacturing Company, no evidence was introduced to show that the rental charged by the Realty Company to the Manufacturing Company for use of buildings was other than at market rates. The title to all of the stock in the Manufacturing Company which Conzelman, Crunden and Martin gave to their families was passed absolutely and no control over the voting of it was reserved.

We are of the opinion that these men did not control the stock of their families. In *Goldstein Bros. Amusement Co., Inc.*, 3 B. T. A. 408, we held that the mere fact of family and business relationship, standing alone, is insufficient to constitute control or to warrant a holding that persons standing in such relationship constitute the same interest with the majority; and evidence that the minority is quiescent and permits the majority to manage the business does not prove actual control over the minority interest.

When we exclude the stock owned by the families, we find that the interests which hold all of the stock of the Realty Company control only slightly over 50 per cent of the stock of the Manufacturing Company. The language used in *J. Newton Seitz Shoe Co.*, 8 B. T. A. 745, is applicable to this case. In that case we said:

If the three corporations had made earnings during the year in question so that a substantial tax resulted, petitioner could, with force, contend that substantially all the stock was not owned or controlled by the same interests and that each corporation should pay its own separate tax.

We must hold that substantially all the stock of the Crunden-Martin Manufacturing Co., and the Conzelman-Crunden Realty Co., was not controlled as required by section 240 (b) of the Revenue Act of 1921, and the two corporations are, therefore, held to be not affiliated.

*Judgment will be entered for the respondent.*